## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANGELA HARRIS,                                        :
                                                      :
                    Plaintiff,                        :        CIVIL ACTION
                                                      :        NO.:
        v.                                            :
                                                      :
BEST BUY COMPANY, INC.,                               :
                                                      :
                    Defendant.                        :

## COMPLAINT AND JURY DEMAND

### I.    PRELIMINARY STATEMENT

Plaintiff, Angela Harris, claims of Defendant, Best Buy Company, Inc., a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00) in damages upon a cause of action whereof the following is a statement:

1.    This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff to redress violations by Defendant of rights secured to the Plaintiff by the laws of the United States of America.

2.    This action arises under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000(e), *et seq.*, and is brought by the Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate and intentional discrimination and retaliation with respect to her compensation, terms, conditions and privileges of employment by the Defendant, based on her gender.

### II.    JURISDICTION AND VENUE

3.    The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331 and Title VII, which provide for original jurisdiction of Plaintiff's claim arising under the

laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4.      The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

5.      The supplemental jurisdiction of this Court is invoked pursuant Title 28 U.S.C. §1367 to consider Plaintiff's discrimination claims arising under the Pennsylvania Human Relations Act, 43 P.S. §951 *et seq.* ("PHRA").

6.      All conditions precedent to the institution of this suit have been fulfilled. On March 27, 2019, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission.  This action has been filed by the Plaintiff within ninety (90) days of receipt of said notice.  The Plaintiff has exhausted all other jurisdictional requirements to the maintenance of this action.

## III.    **PARTIES**

7.      Plaintiff is an individual and citizen of the Commonwealth of Pennsylvania who resides at 800 Trenton Road, Apt. #322, Langhorne, Pennsylvania.

8.      Defendant, Best Buy Company, Inc., was and is now a business corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business located at 310 Commerce Boulevard, Fairless Hills, Pennsylvania.

9.      At all times relevant hereto, Defendant was acting through its agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of Defendant.

- 2 -

10.     Defendant has been "person(s)" and "employer(s)" as defined under Title VII and the PHRA, and are subject to the provisions of each said Act.  At all times relevant hereto, Plaintiff was either individually or jointly employed by Defendant.

## IV.     STATEMENT OF CLAIM

11.     Plaintiff was employed by Defendant from September, 2016, until on or about February 1, 2018, when she was terminated from her employment as a result of unlawful discrimination complained of herein.  Plaintiff held the position of Home Theater Sales Supervisor.

12.     Throughout her employment, Plaintiff performed her job function in a dutiful and competent manner for Defendant.

13.     In or about June, 2017, an Employee Relations representative of Defendant asked Plaintiff whether she was having a sexual relationship with her superior, Store Manager, Jordan Moskovitz ("Moskovitz").  Plaintiff was told that she would be subject to termination if she was in any way untruthful in regards to her inquiry.

14.     Plaintiff replied truthfully that she had known Moskovitz for several years and that he was a friend, and that she was not in a romantic relationship with him.

15.     Subsequent thereto, the Plaintiff and Moskovitz ceased all social contact with one another as a result of the said inquiry.

16.     Nothing more was discussed with plaintiff regarding the above matter until on or about January 25, 2018, when Plaintiff was again summoned to speak with Human Resources representative, Colleen (LNU), and District Manager, James Conrad ("Conrad").

- 3 -

17.     During this meeting, Plaintiff was again questioned about her "relationship" with Moskovitz and advised to answer all personal questions truthfully or face termination.

18.     The questions directed to Plaintiff focused on whether Moskovitz had a key to her apartment or if he had been to her home.  Plaintiff was told that Defendant's management had "evidence" that Moskovitz' car was at her home on a particular day in question.

19.     More disturbingly, Plaintiff was asked a gender-based discriminating line of questioning regarding whether she had an abortion and if her baby was Moskovitz' child.

20.     Plaintiff again reiterated, truthfully, that she had only maintained a friendship with Moskovitz and nothing more.  She also adamantly denied that Moskovitz was the father of the child she had aborted in September, 2017 and informed Defendant that this was an emotionally devastating and traumatic time in her life that she would rather not discuss.

21.     Thereafter, Plaintiff called Conrad and complained that she was extremely uncomfortable and upset with the line of improper questioning, and that she believed she was being discriminated against on the basis of her gender.  Plaintiff contacted Colleen (LNU) directly, per Conrad's request, and advised her of the same.

22.     Thereafter, Plaintiff learned that Colleen (LNU) had also questioned her friend Rachel Tomaro about her pregnancy, abortion and whether her baby was Moskovitz' child.

23.     On or about February 1, 2018, the Plaintiff was called into a meeting with

- 4 -

Conrad, Shearn and Mobile Manager, Katie Demasi, and informed she was terminated from her position of employment due to the fact that their investigation into her alleged relationship with Moskovitz yielded "credible evidence" to warrant her termination.

24.     The Plaintiff was denied details of Defendant's investigation due to "confidentiality reasons". No such evidence could have existed, because no such relationship between Plaintiff and Moskovitz ever existed.

25.     Plaintiff believes and therefore avers that the Defendant subjected her to gender-based discrimination and harassment and terminated her for opposing said discriminatory practices, as aforesaid.

## COUNT I
### (Title VII)
### Gender Discrimination/Retaliation
### Terms, Conditions and Privileges of Employment/Termination

26.     Plaintiff incorporates by reference paragraphs 1 through 25 of this Complaint as if fully set forth at length herein.

27.     The actions of the Defendant, through its agents, servants and employees, in subjecting the Plaintiff to gender discrimination and retaliation in the terms, conditions and privileges of her employment, and in terminating Plaintiff's employment solely because of her gender, constituted a violation of Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §2000(e), *et seq.*

28.     Defendant's acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

29.     As a direct result of Defendant's willful and unlawful actions in violation of Title VII, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss

of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

**COUNT II**
**(PHRA)**
**Gender Discrimination/Retaliation**
**Terms, Conditions and Privileges of Employment/Termination**

30.    Plaintiff incorporates by reference paragraphs 1 through 29 of this Complaint as if fully set forth at length herein.

31.    The actions of the Defendant, through its agents, servants and employees, in subjecting the Plaintiff to gender discrimination and retaliation in the terms, conditions and privileges of her employment, and in terminating Plaintiff's employment solely because of her gender, constituted a violation of the Pennsylvania Human Relations Act 43 P.S. § 951, *et seq.*

32.    Defendant's acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

33.    As a direct result of Defendant's willful and unlawful actions in violation of the PHRA, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

**PRAYER FOR RELIEF**

34.    Plaintiff repeats the allegations of paragraphs 1 through 33 of this Complaint as if set forth herein at length.

WHEREFORE, Plaintiff requests the Court to enter judgment in her favor and against Defendant and order:

(a)     Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

(b)     Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other non-pecuniary losses as allowable;

(c)     Defendant pay to Plaintiff punitive damages under Title VII and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(d)     The Court award such other relief as is deemed just and proper.

THE LOVITZ LAW FIRM, P.C.

By:_____
        KEVIN I. LOVITZ, ESQUIRE
        ID # 70184
        One Liberty Place
        1650 Market Street, 36th Fl.
        Philadelphia, PA 19103
        (215) 735-1996 Phone
        (267) 319-7943 Fax
        Kevin@LovitzLaw.com

*Attorney for Plaintiff, Angela Harris*

- 7 -